

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
~~XXXXXX~~ ~~XXX~~ ~~SHEPPERD~~
~~ATTORNEY GENERAL~~

AUSTIN 11, TEXAS

Honorable William J. Lawson
Secretary of State
Austin, Texas

Attention:  Honorable Abner L. Lewis

Dear Sir:

Opinion No. 0-4480
Re:  Corporations - Section 104 of
     Article 1302, V.A.C.S. - Article
     4590A V.A.C.S.- Group Hospital Service

Your request for opinion has been received and carefully considered by this department.  We quote from your request as follows:

"We are submitting to you herein the application for charter of the CAPROCK CO-OPERATIVE GENERAL HOSPITAL.  We have on several occasions advised Hon. Edgar E. Payne, attorney for said association, that in our judgment same should be chartered by filing through Article 4590A.  He insists however, same should be approved and filed under Article 1302, Section 104, but in our judgment Section 104 of the Revised Statutes, 1925 was made apart of Article 4590A.

"It is our judgment that this in an insurance plan and as such should be under the supervision of the Insurance Commission of Texas, and we have so advised them.

"Will you please advise this department whether or not the charter as submitted to us should be approved without the intervention of the Insurance Department as outlined in Article 4590A or under Article 1302 of said Statute."

Section II of the proposed charter provides:

"The purpose for which it is formed is:

"(a)  To buy, lease, or build any hospital, and maintain such medical, surgical and dental staff as the members may deem necessary for the efficient and modern treatment of its said members and others;

"(b)  For the members of said corporation to provide for their hospital and medical care, if needed, and each

member of said corporation, or any member of his family, or any other person, if in need of medical care, shall choose his, her, own physician from any member of the staff, and the said corporation shall not attempt to control the relation existing between any member of said corporation, or any other person, and his or her physician;

"(e) To employ only physicians on the staff, who will not solicit, nor employ, pay or promise to pay any person, firm or corporation to secure, solicit or drum patients or patronage, and discharge any member from the staff if any person has accepted, or agreed to accept pay or employment for such securing soliciting or drumming for the patients for said physician."

Section VI of the proposed charter provides:

"The CAPROCK CO-OPERATIVE GENERAL HOSPITAL ASSOCIATION shall not have any capital stock and shall not be operated for profit, but all of its operations shall be for the mutual benefits of the members. . . ."

The proposed charter does not affirmatively show that the majority of the incorporators of the proposed corporation are superintendents of hospitals or physicians or surgeons licensed by the State Board of Medical Examiners.

The 46th Legislature of Texas passed House Bill 191 in 1939. Sections 1 to 15 inclusive of the act were codified by Vernon as Article 4590A, Vernon's Annotated Texas Civil Statutes. Section 16 of the act was codified by Vernon as Section 104 of Article 1302, Vernon's Annotated Texas Civil Statutes. The act reads as follows:

"H. B. No. 191

"An Act to provide for the chartering of nonprofit corporations to be organized for the purpose of furnishing group hospital service, and to provide for the methods of operation, regulation and supervision of such corporations and of their contracts; providing exemption from Title 78 of the Revised Civil Statutes of 1925; and declaring an emergency.

"Be it enacted by the Legislature of the State of Texas:

"Section 1. Incorporation.

"That from and after the passage of this Act, any seven (7) or more persons, a majority of whom are superintendents of hospitals or physicians or surgeons licensed by the State Board of Medical Examiners, upon application to the Secretary of State of the State of Texas for a corporate charter may be incorporated for the purpose of establishing, maintaining and

operating a nonprofit hospital service plan, whereby hospital care may be provided by said corporation through an established hospital or hospitals, and sanitariums with which it has contracted for such care, as is hereinafter defined.

"Sec. 2.  Applications

"That such corporations when organized shall be authorized to accept applicants, who may become members of said corporations furnishing group hospital service under a contract, which shall entitle each member to such hospital care for such period of time as is provided therein; and that such corporations shall be governed by this Act and shall not be construed as being engaged in the business of insurance under the laws of this State.  That such corporations organized and operated under the provisions of this Act shall not be required by any department of this State to post bond, or place deposits with any department of this State to begin and/or operate under this Act and the provisions of Title 78 of the Revised Civil Statutes of Texas of 1925, are hereby declared inapplicable to corporations organized and/or operated under this Act.

"Sec. 3.  Corporations to be Nonprofit Organizations.

"That said corporations shall be governed and conducted as nonprofit organizations for the sole purpose of offering and furnishing hospital service to its members in consideration of the payment by such members of a definite sum for the hospital care so contracted to be furnished.  The necessary expenses of administering the affairs of said corporations may be paid from the dues or payments collected.  Provided not more than fifteen per cent (15%) of all dues or payments received may be used for expenses of administering the affairs of said corporations, subject to the authorization or approval of the Board of Insurance Commissioners of Texas.

"Sec. 4.  Authority of Corporations to Contract.

"That such corporations shall have the authority to contract with hospitals charging for services rendered, in such manner as to assure to each person holding a contract of said corporation the furnishing of such hospital care as may be agreed upon in the contract between said corporation and said member, with the right to said corporation to limit in said contract the types of disease for which it shall furnish hospital care.

"Sec. 5.  Prohibition against Contracting for Medical Services.

"That such corporations shall not contract to furnish to the member a physician or any medical services, nor shall said corporation contract to practice medicine in any manner, nor shall said corporation control or attempt to control the relations existing between said member and his or her physician, but said corporation shall confine its activities to rendering hospital service only through such type of hospitals with whom it has contracts, without restricting the right of the patient to obtain the services of any licensed doctor of medicine.

"Sec. 6. Personnel of Directors.

"That at least a majority of the directors of such corporation must be at all times directors, superintendents or trustees of hospitals, which have contracted or may contract with such corporation to render its subscribers hospital service.

"Sec. 7. Supervision.

"That such corporation shall, before accepting applications for membership in said nonprofit hospital service plan, submit to the State Insurance Commission a plan of operation, together with a schedule of its dues to be charged and the amount of hospital service contracted to be rendered; which plan shall first be approved by the Insurance Commission as fair and reasonable before said corporation shall engage in business.

"Sec. 8. Approval of Rates.

"That the Insurance Commission shall likewise approve the rates of payment to be made by said corporations to hospitals for the rendering of hospital care to the members of said corporation as being reasonable and just. Said hospitals shall guarantee the benefits of the certificates of membership issued by the corporation.

"Sec. 9. Membership Certificates.

"That every such corporation shall issue to its members certificates of membership, set forth the contract between the corporation and the member, and the period of such service, and the rate per day or week payable by said corporation for hospital service rendered to said member at any hospital other than the hospitals with which said corporation shall have contracted.

"Sec. 10. Bond of Treasurer.

"That the treasurer of such corporation shall be required to give a fidelity bond with corporation surety in such sum as may be determined by the officers of said corporation for the faithful handling of the funds of said corporation and all funds collected from members or subscribers of said corporation shall be deposited to the account of said corporation in a bank, which is a State depository.

"Sec. 11.   Finance Procedure.

"That said corporations shall not pay any of the funds collected from members or subscribers to any hospital until after said hospitals shall have rendered the necessary care to such subscriber or member.

"Sec. 12.   Reports to Insurance Commission.

"That every such corporation shall annually on or before the first day of March file in the office of the  Insurance Commission a statement verified by at least two (2) of the principal officers of said corporation, showing its condition on the 31st day of December then next preceding. The report to the Commission shall include an itemization of all expenses incurred for the period shown in the report, which expenses shall be in all things approved by said Commission.  If the Commission finds any expense item unnecessary or unreasonable it shall make necessary rules eliminating same and the Commission is expressly authorized and empowered to provide for the expenses to be incurred and the amounts which must be within the limits provided for in this Act.

"Sec. 13.   No officer or director of the corporation shall receive any salary, wages or commissions but shall be allowed reasonable and necessary expenses for any meetings of the corporation which shall not exceed five (5) during any calendar year.  No compensation shall be paid to any employee in excess of Six Thousand Dollars ($6,000) per year.  All salaries to be approved by the Board of Insurance Commissioners.

"Sec. 14.   Examination of Books and Records.

"That every such corporation shall keep complete books and records, showing all funds collected and disbursed, and all books and records shall be subject to examination by the Insurance Commission annually, the expense of such examination to be borne by said corporation.

"Sec. 15.   Dissolution.

"That any dissolution or liquidation of any such corporation subject to the provisions of this Act shall be under the supervision of the Insurance Commission.  In case of dissolution of any group formed under the provisions of this Act, certificate holders of such group shall be given priority over all other claims except cost of liquidation.

"Sec. 16.   Article 1302 of the Revised Civil Statutes of Texas of 1925 is hereby amended by adding thereto a subdivision to be known as No. 104, to read as follows:

"'Subdivision 104. Corporations may be created as charitable, benevolent and nonprofit corporations to furnish hospital services to its members.'

"Sec. 17. Separability Clause.

"If any article, section, subsection, sentence, clause of phrase of this Act is, for any reason, held to be unconstitutional or invalid, such decision shall not affect the validity of any remaining portions of this Act. The Legislature hereby declares that it would have passed this Act and each section, subsection, sentence, clause or phrase thereof, irrespective of the fact that any one or more of the sections, subsections, sentences, clauses or phrases are declared unconstitutional.

"Sec. 18. Laws in Conflict with this Act Held Inapplicable.

"That all laws or parts of laws in conflict with this Act are hereby declared inapplicable to any and all corporations chartered and operated under this Act.

"Sec. 19. The fact that there is no present law, at this time, which will furnish hospital services to those who are in dire need of same, and that this legislation is needed to better protect the public health creates an emergency and an imperative public necessity that the Constitutional Rule requiring all bills to be read on three separate days in each House be and the same is hereby suspended and that this Act take effect and be in force from and after its passage, and it is so enacted.

"(Note.--H. B. No. 191 was passed by the House, March 16, 1939, by a vote of 120 yeas, 0 nays; by the Senate, with amendments, by a vote of 29 yeas, 0 nays; House concurred in Senate amendments, May 2, 1939, by a vote of 120 yeas, 0 nays.)

"Approved May 10, 1939.
"Effective May 10, 1939."

Since Section 104 of Article 1302, V.A.C.S., and Article 4590A, V.A.C.S., are parts of H.B. 191, supra, it is clear that they must be construed together.

It is our opinion that all of the provisions of H.B. 191, supra, apply to non-profit corporations organized for the purpose of furnishing group hospital service.

Under said H. B. 191 a proposed corporation desiring to be incorporated under Section 16 (subdivision 104 of Article 1302, R.C.S.) for the purpose of furnishing group hospital service to its members is chartered by the Secretary of State and not by the Board of Insurance Commissioners. However, after it is chartered by the Secretary of State, its activities are supervised by the Board of Insurance Commissioners in the manner and to the extent set out in said H.B. 191.

Section 6 of Article 1302, Vernon's Annotated Texas Civil Statutes, reads as follows:

> "The erection and maintenance of sanitoriums, with the right to acquire and own lands and town lots; to improve, cultivate, rent and alienate same; to erect storage dams and otherwise develop irrigation on such lands, to erect, acquire and maintain hotels and bath houses on its property; and in conjunction therewith, to erect and maintain training schools and outdoor sports on its property for the training and pleasure of its patients and their families; to maintain and carry on such industrial enterprises in conjunction therewith as shall be necessary to furnish employment to the patients therein and their families; provided such corporation shall not own or control more land than is necessary for the actual conduct and control of a sanitarium."

Subdivision 104, supra, does not authorize incorporation for the purpose of building or establishing a hospital. Subdivision 6, supra, is the subdivision under which corporations may be formed for the purpose of building or establishing a sanitarium.

It is our opinion that the proposed application for charter should be refused by you because it attempts to incorporate for a dual purpose, to-wit, to establish a hospital and to provide group hospital service for its members. The application would further be objectionable if it sought to incorporate only for the purpose of providing group hospital service for its members because the application does not state that a majority of the incorporators of the proposed corporation are superintendents of hospitals or physicians or surgeons licensed by the State Board of Medical Examiners.

Suffice it to say that the proposed charter should be refused by you.

APPROVED MAY 19, 1942              Very truly yours,
GERALD C. MANN
ATTORNEY GENERAL OF TEXAS      ATTORNEY GENERAL OF TEXAS

By s/ Wm. J. Fanning
Wm. J Fanning
Assistant

WJF:ff:hep

APPROVED
OPINION
COMMITTEE
BY   BWB
CHAIRMAN